SUSAN M. CHEHARDY, Chief Judge.
|2On appeal, defendant’s appointed appellate counsel has filed an Anders[1] brief on defendant’s behalf, asserting there is no basis for a non-frivolous appeal. Further, defendant has filed a pro se supplemental brief assigning three errors. For the following reasons, we affirm defendant’s conviction and remand for re-sentencing and correction of the commitment.

Procedural History

On August 1, 2011, the Jefferson Parish District Attorney filed a bill of information charging defendant, Julius S. Wilt, Jr., with home invasion in violation of La. R.S. 14:62.8(B)(2).[2] On April 4, 2012, the matter proceeded to trial; however, on April 5, 2012, defendant withdrew his former plea of not guilty and entered a plea of guilty as charged. On April 26, 2012, a victim impact statement was given. On May 24, 2012, the trial judge sentenced defendant to imprisonment |3at hard labor *321 for 18 years.[3] On March 20, 2014, defendant filed an application for post conviction relief requesting an out-of-time appeal, which was granted on July 11, 2014. This appeal follows.

Facts

At trial, before defendant entered his guilty plea, the evidence and testimony revealed that, on June 8, 2011, at approximately 11:30 p.m., defendant kicked in the back door and entered a house that was occupied by the female victim and her two minor children. The victim reported that, after defendant kicked in the back door of her house, he chased her around, dragged her into the bathroom with him, locked the bathroom door, and began throwing his blood (from a self-inflicted laceration) on her. The victim’s children, ages four and 12, were present during the unauthorized entry.
Jefferson Parish Sheriffs deputies arrived while defendant was still in the house with the residents. Deputies observed glass and blood on the floor throughout the house. After breaking down the bathroom door, the deputies observed defendant with a knife in each hand, standing over an adult female, who was lying on the floor, with blood on her face, arms and legs. Deputies ordered defendant to freeze but he refused, so deputies deployed their Ta-sers, which struck defendant in the chest. Thereafter, defendant was arrested and later pled guilty to home invasion.

Discussion

Under the procedure adopted by this Court,[4] appointed appellate counsel has filed a brief, which contains no assignments of error, asserting that he has 1 thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Pursuant to Anders, supra and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), appointed counsel has also filed a motion to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[5] The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the' appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (quotation omitted).
In State v. Jyles, 96-2669 at 2, 704 So.2d 241, the Louisiana Supreme Court stated that, while an Anders brief need not tediously catalog every meritless motion or *322 objection, it must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 676 So.2d at 1110. If, after an independent review, Ifithe reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute counsel for the appellant. Id.
Defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. In this case, appellate counsel points out that, prior to trial, defendant rejected a plea agreement offer of 12 years on the home invasion charge, which carried a maximum penalty of 25 years. Appellate counsel further notes that defendant eventually did enter a plea of guilty and his responses during the plea colloquy reveal that he understood the constitutional rights that he was waiving as required in Boykin.[6] More importantly, in this ease, the colloquy reveals that the trial judge reiterated that the previous offer of 12 years was no longer “on the table” and there was no promise that his sentence would be 12 years. Further, defense counsel responded that defendant understood this, noting that the previous offer of “42 YRS DOC” was struck through on the waiver of rights form, as indicated.
Appellate counsel states that the amended bill of information was in conformity with La.C.Cr.P. arts. 462-466 and that the minute entries reflect that defendant was present at all critical stages of the proceedings. He further states that defendant waived all non-jurisdictional defects occurring prior to his change of plea and that the plea precludes review of such defects by appeal, noting that the waiver was signed by defendant, his counsel, and the trial judge. Appellate counsel asserts that a review of the record reveals no constitutional infirmity in the |fiplea. He also asserts that no pre-trial motions were preserved for appeal under State v. Crosby, 338 So.2d 584 (La.1976).
The State responds that the brief filed by appointed counsel shows a diligent, complete, and thorough description of the procedural history and facts of the case. It further responds that it agrees with appellate counsel that the record does not contain any non-frivolous issues for appeal. The State notes that appellate counsel has complied with the procedures set forth in Anders and Jyles and should be allowed to withdraw.
Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The bill of information properly charged defendant, and plainly and concisely stated the essential facts constituting the offense charged. It also sufficiently identified defendant and the crime charged. See La.C.Cr.P. arts. 462-66. Further, the minute entries reflect that defendant and his counsel appeared at *323 all crucial stages of the proceedings against him, including his arraignment, guilty- plea, and sentencing. As such, there are no appealable issues surrounding defendant’s presence.
Further, defendant pled guilty in this case. Generally, when a defendant pleads guilty, the defendant normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post conviction relief. State v. Turner, 09-1079 (La.App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, defendant entered an unqualified guilty plea, and therefore, all non-jurisdictional defects are waived.
Also, once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the J\jBoykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
A review of the record reveals no constitutional infirmity in defendant’s guilty plea. The record shows that defendant was aware he was charged with and pleading guilty to the crime of home invasion. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination as required by Boykin v. Alabama, supra. Defendant signed the waiver of rights form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood those rights.
During his guilty plea colloquy and in his waiver of rights form, defendant indicated that he had not been forced, coerced, or threatened into entering his guilty plea. Defendant was informed during the colloquy and in the waiver of rights form of the maximum sentence that would be imposed if his guilty plea was accepted.[7] After the colloquy with defendant, the trial court accepted defendant’s plea as knowingly, intelligently, and voluntarily made.
With regard to defendant’s sentence, La.C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.
| sIn the instant case, defendant signed the plea agreement on April 5, 2012; however, sentencing was deferred until a later date. Nevertheless, the trial judge advised defendant, on April 5, that he could receive a maximum sentence of 25 *324 years, that the previously offered plea of 12 years was “not the Court’s position at this time,” and that there was no promise that the trial judge was “going to put that 12 years back on the table.” When the trial judge asked defendant if he still wished to enter a guilty plea based on those conditions, defendant responded, “Yes, sir.” The waiver of rights form contained in the record reflects that the first offer' of “12 — ¥RS—DQG” was struck through, as indicated. Defendant was subsequently sentenced to 18 years at hard labor, which falls within the sentencing range set forth in the statute, on the date of the offense. See La. R.S. 14:62.8(B)(2). Moreover, defendant’s plea agreement was beneficial to him in that he received a mid-range sentence of 18 years when he could have received a sentence of 25 years.
Appellate counsel has notified defendant that he filed an Anders brief and that defendant had the right to file a pro se brief in the appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until December 17, 2014 to file a pro se supplemental brief.
Defendant has filed a pro se supplemental brief, assigning three errors: first, defendant argues that “the trial court erred in accepting a guilty plea before holding a competency hearing once Appellant’s attorney ended the trial to enter a guilty plea;” second, defendant argues that his guilty plea was “involuntary and unintelli-gently entered” because his counsel promised him a sentence of 12 years; and third, his appellate counsel did not assign “meritorious errors based on the law and facts” of this case. Further, defendant filed a reply brief reiterating his | argument that the trial court erred in accepting a guilty plea before holding a competency hearing.
In his first pro se assignment of error, defendant argues that the trial judge erred by accepting his guilty plea before holding a competency hearing. He contends that the circumstances surrounding the offense and testimony relating to his behavior before, during, and after the crime clearly suggest that he suffers from a mental defect, and therefore, at a minimum, a competency hearing should have been ordered before allowing the guilty plea to be accepted. Defendant further contends that the record also demonstrates that the trial in the instant case had to be stopped and started more than once because his mental capacity hindered him from participating. In his reply brief, defendant reiterated that the evidence presented before defendant chose to enter a guilty plea “should have clearly shown that defendant suffers from mental illness or mental defect.”[8] Lastly, defendant indicates that his counsel was ineffective for failing to raise a “not guilty by reason of insanity defense in the minimum.”
The State responds that defendant presents no evidence from the record to indicate that he was incapable of understanding the charges against him or of assisting in his own defense. The State asserts that although defendant alleges that the trial was interrupted because of his mental ca *325 pacity, case law indicates that a few minor trial episodes did not mandate the court to order a competency hearing sua sponte. Lastly, the State contends that defense counsel was also not obligated to move for what would have been a frivolous mental examination.
According to La.C.Cr.P. art. 641, “[m]ental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the Incapacity to understand the proceedings against him or to assist in his defense.” A defendant’s mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court. La. C.Cr.P. art. 642. When the question of the defendant’s mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed. Id.
The trial judge is only required to order a mental examination of the defendant when he has a reasonable ground to doubt the defendant’s mental capacity to proceed. La.C.Cr.P. art. 643; State v. Pugh, 02-171 (La.App. 5 Cir. 10/16/02), 831 So.2d 341, 349. “Reasonable grounds to doubt the defendant’s mental capacity to proceed” refers to information which, objectively considered, should reasonably raise a doubt about the defendant’s competency and alert the court to the possibility that the defendant cannot understand the proceedings, appreciate the significance of the proceedings, or rationally aid his attorney in his defense. State v. Williams, 02-1016 (La.App. 5 Cir. 2/25/03), 841 So.2d 936, 942, writ denied (La.8/20/04), 882 So.2d 571. The ordering of a sanity commission rests in the sound discretion of the trial court. State v. Fish, 99-1280 (La.App. 5 Cir. 4/12/00), 759 So.2d 937, 939.
In the instant case, there is nothing in the record before this Court that raises the doubt that defendant understood the proceedings, appreciated the significance of the proceedings, or rationally aided his attorney in his defense. Further, although defendant argues that his actions during trial and police reports reflected his mental instability, our review of the record does not show that defendant acted in an irrational fashion during court. Finally, although the police officers testified that defendant was attempting to harm himself at the crime scene, their testimony further indicated that he was communicative, responsive to their commands, and Ineven remorseful for causing harm. As such, although defendant appeared emotional, there was no “reasonable grounds to doubt the defendant’s mental capacity to proceed,” and, thus, no indication on the record before us that a competency hearing for defendant was necessary.
Regarding defendant’s allegation of ineffective assistance of counsel, the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution safeguard a defendant’s right to effective assistance of trial counsel. In Strickland v. Washington, supra, the United States Supreme Court held that a defendant asserting an ineffective assistance claim must show that defense counsel’s performance was deficient and that the deficiency prejudiced the defendant. To establish ineffective assistance of counsel, the defendant has the burden of showing that “there is a reasonable probability that, but for counsel’s unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.
*326 Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post conviction relief filed in the district court, where a full evidentiary hearing can be conducted, rather than by direct appeal. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Taylor, 04-346 (La.App. 5 Cir. 10/26/04), 887 So.2d 589, 595.
In this case, we find that the record is insufficient to rule on the merits of the claim. Thus, if the defendant desires to expand on and prove this claim, ie., that he was incompetent when he pleaded guilty, he must file an application for post conviction relief in the district court, where a full evidentiary hearing can be 112conducted, rather than by direct appeal. State v. Castaneda, 94-1118 (La.App. 1 Cir. 06/23/95), 658 So.2d 297, 307 (because the record gave no indication that the defendant was incompetent when he pleaded guilty and defendant did not raise such an allegation, defendant must file an application for post conviction relief to expand on and prove his claim). Upon review, we find that this assignment lacks merit.
In his second pro se assignment of error, defendant argues that his guilty plea was neither voluntarily, nor intelligently entered because he was promised a sentence of 12 years but received a sentence of 18 years. . He contends that this was a clear violation of his constitutional rights as. well as a blatant breach of the plea agreement. Defendant claims that someone other than him scratched through the statement on the waiver of rights form that he would receive a 12-year sentence.
The State responds that during the Boy-kin colloquy, the trial judge clearly indicated to defendant that the pre-trial offer of 12 years was no longer “on the table” should he choose to plead guilty and that defendant clearly indicated that he understood and still wished to plead guilty.
As was stated previously, once, a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. McCoil, supra.
Further, in the instant case, the record clearly shows that, when defendant raised the possibility of entering a guilty plea, the trial judge stated that he would make “no promise to you ... to put ... 12 years back on the table.” When the trial judge asked defendant if he still wished to enter a guilty plea based on those | ^conditions, defendant responded, “Yes, sir.” In light of the foregoing, we find that defendant’s plea was voluntarily and intelligently entered. This assignment lacks merit.
In his third pro se assignment of error, defendant argues that his appellate counsel was ineffective for failing to assign errors in this case. First, we note that defendant’s claim that counsel was ineffective for failing to raise any errors on appeal is moot since defendant has been presented with the opportunity to raise these errors himself. State v. Roberson, 94-1570 (La.App. 3 Cir. 11/02/95), 664 So.2d 687, 692.
Further, we have reviewed and .found no merit in defendant’s pro se assignments of error. “In the appellate context, the [Strickland ] prejudice prong first requires a showing that we would have afforded relief on appeal.” United States *327 v. Phillips, 210 F.3d 345, 350 (5th Cir.2000). Thus, even if the issue was not moot, we have found no non-frivolous errors that would afford relief on appeal so defendant cannot establish prejudice. In light of the foregoing, we find that defendant’s appellate counsel was not ineffective in filing an Anders brief. This assignment also lacks merit.

Errors patent

Finally, we have review the record for errors patent, according to La. C.Cr.P. art. 920 and found errors that require remand.
On the date of the offense,[9] La. R.S. 14:62.8(B)(2) read,
Whoever commits the crime of home invasion when, at the time of the unauthorized entering, there is present in the dwelling or structure any person who is under the age of 12 years, ... shall be fined not more than ten thousand dollars and shall be imprisoned at hard labor for not less than ten nor more than 25 years. At least ten years of the 114sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.
Defendant’s sentence was not imposed with restriction of benefits. In this case, the trial judge did not mandate the length of time that defendant must serve without benefit of parole, probation, or suspension of sentence as mandated by La. R.S. 14:62.8(B)(2). Because the language of the sentencing provision gives the trial judge discretion in determining the exact length of time that benefits are to be restricted, we remand this matter for resentencing to impose at least ten years of the sentence without benefits in compliance with La. R.S. 14:62.8(B)(2). See State v. Tapps, 02-547 (La.App. 5 Cir. 10/29/02), 832 So.2d 995, 1004, writ denied, 02-2921 (La.4/21/03), 841 So.2d 789.
Further, the State of Louisiana Uniform Commitment Order reflects the date of the offense as June 9, 2011; however, the bill of information and the factual basis for the guilty plea show that the offense was committed on June 8, 2011. Accordingly, we remand the matter for correction of the date of the offense on the Uniform Commitment Order. Further, we direct the Clerk of Court to transmit the original of the corrected Uniform Commitment Order to the officer in charge of the institution to which defendant has been sentenced and the Department of Corrections’ Legal Department. See La.C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam); State v. Long, 12-184 (La.App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142.

Conclusion

In conclusion, we find that appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and our independent review of the record supports that assertion. Further, we find no merit in defendant’s pro se assignments of error. Accordingly, we affirm defendant’s conviction. However, 11fiwe remand this matter for re-sentencing in compliance with La. R.S. 14:62.8 and for correction of the State of Louisiana Uniform Commitment Order.

*328
AFFIRMED: REMANDED FOR RE-SENTENCING AND CORRECTION OF COMMITMENT

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. That same day, the State filed a separate bill of information charging defendant with the misdemeanor offense of aggravated assault of a known juvenile, in violation of La. R.S. 14:37, for events that occurred during the home invasion that is the subject of this appeal. The misdemeanor offense was tried by the trial judge, who found defendant guilty of aggravated assault on April 5, 20,12. On May 24, 2012, the trial judge sentenced defendant for aggravated assault to six months in parish prison. On October 24, 2014, defendant filed an appeal with this Court, which, on appellant’s motion, was dismissed for lack of jurisdiction on November 21, 2014. Although given leave by this Court, defendant did not thereafter seek supervisory review of his misdemeanor conviction.

. For actions that occurred during the sentencing hearing, the trial judge found defendant in contempt of court and sentenced him to six months to run consecutively with the sentences in the instant case and his other misdemeanor conviction. Additionally, the trial judge executed a protective order, instructing defendant to "stay away” from the victim in this matter until May 24, 2030.

. In State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam).

.The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. The trial judge did not advise defendant of the minimum penalty he was facing. La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. "Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.” La. C.Cr.P. art. 556.1(E). Violations of La. C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. State v. Craig, 10-854 (La.App. 5 Cir. 5/24/11), 66 So.3d 60, 64. In the instant case, defendant knew that the sentence he would receive would probably be more than 12 years and could be as high as 25 years so we find that this statutory infraction did not rise to the level of a constitutional violation and any error was harmless.

. On April 7, 2015, defendant filed a reply brief with an attachment. This attachment is not contained in the appellate record. An appellate court is precluded from considering evidence, which is not part of the record. Exhibits attached to an appellate brief, but not offered into evidence at trial, are not part of the appellate record and are beyond the scope of appellate review. State v. Hotoph, 99-243 (La.App. 5 Cir. 11/10/99), 750 So.2d 1036, 1053, writs denied, 99-3477 (La.6/30/00), 765 So.2d 1062, and 00-150 (La.6/30/00), 765 So.2d 1066. Thus, we will not consider the attachpient. See, State v. Miller, 12-126 (La.App. 5 Cir. 10/16/12), 102 So.3d 956, 960 n. 4.

. "The law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. A defendant must be sentenced according to sentencing provisions in effect at the time of the commission of the offense." State v. Sugasti, 01-3407 (La.6/21/02); 820 So.2d 518, 520 (citing State v. Wright, 384 So.2d 399, 401 (La.1980) and State v. Narcisse, 426 So.2d 118, 130-131 (La.1983), respectively).