| STATE OF LOUISIANA | NO. 24-KH-580 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| TERRANCE MOSLEY | COURT OF APPEAL |
| | STATE OF LOUISIANA |

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

February 10, 2025

Linda Wiseman
First Deputy Clerk

IN RE TERRANCE MOSLEY

APPLYING FOR  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE E. ADRIAN ADAMS, DIVISION "G", NUMBER 23-1762

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.

**WRIT DENIED**

Defendant/relator, Terrance Mosley, seeks review of the trial court's August 29, 2024 denial of his application for post-conviction relief.  In his APCR, relator claimed his guilty plea was involuntary and he had ineffective assistance of counsel because he had an evident intellectual disability, and the trial court should have ordered a sanity commission.

The trial court denied relator's APCR, finding that relator's claim of an involuntary guilty plea was "procedurally barred" under La. C.Cr.P. art. 930.4B because relator failed to raise this claim in the proceedings leading to his conviction. The trial court also found that even if the procedural bar did not apply, the court was not required to order a mental exam in that there was no reasonable ground to doubt relator's mental capacity to proceed.  The trial court rejected the ineffective assistance of counsel claim on similar grounds, concluding nothing was presented to trigger any competent defense attorney to request a sanity hearing.  The trial court

also pointed out that counsel negotiated and secured a favorable plea agreement that limited relator's exposure.

In this writ application, relator re-urges his claims of an involuntary guilty plea and ineffective assistance of counsel. The two claims are interrelated because both are based on relator's alleged lack of mental capacity. In this regard, relator relies on a 30-year old evaluation dated June 20, 1990, that recommended special education classes when relator was in elementary school. Upon review, we find no error in the trial court's denial of relator's APCR.

First, relator's alleged new evidence, a 30-year elementary school evaluation recommending special education classes, is insufficient for his claim. As concluded by the trial court, relator was aware of this evidence before he pled guilty and did not present it to the court. Thus, the trial court properly found this claim was procedurally barred under La. C.Cr.P. art. 930.4B.

Second, the 30-year old evaluation recommending special education classes fails to provide any reasonable grounds to doubt defendant's mental capacity to proceed at the time of guilty plea. La. C.Cr.P. art. 643; State v. Barnett, 18-254 (La. App. 5 Cir. 4/3/19), 267 So.3d 209, 229. According to case law, reasonable grounds to doubt the defendant's mental capacity to proceed refers to information that, objectively considered, reasonably raises a doubt about the defendant's competency and alerts the court to the possibility the defendant cannot understand the proceedings, appreciate the significance of the proceedings, or rationally aid his attorney in his defense. State v. Wilt, 14-823 (La. App. 5 Cir. 4/29/15), 170 So.3d 317, 325, writ denied, 15-1055 (La. 5/2/16), 206 So.3d 877. The ordering of a mental examination falls within the sound discretion of the court. State v. Victor, 13-888 (La. App. 5 Cir. 12/23/14), 167 So.3d 118, 127.

Third, relator's waiver of rights form, dated the same date on which he pled guilty, reflects that relator confirmed he was able to read, write, and understand the

English language, and that he had no physical or mental impairment affecting his ability to enter this guilty plea. In addition, relator failed to describe any behavior or present any evidence that may have alerted counsel or the trial court of any issue with his competency.

Finally, under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the defendant must show for an ineffective assistance of counsel claim: (1) that counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense. There is a strong presumption that counsel's performance is within the wide range of effective representation. State ex rel Sparkman v. State, 15-1726 (La. 10/17/16), 202 So.3d 488, 491. Effective counsel does not mean errorless counsel and the reviewing court does not judge counsel's performance with the distorting benefits of hindsight, but rather determines whether counsel was reasonably likely to render effective assistance. State v. Soler, 93-1042 (La. App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075.

The U.S. Supreme Court has emphatically directed that, "in evaluating the performance of counsel, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland, 466 U.S. at 690-691.

Relator's waiver of rights form indicates relator faced a sentencing range of five to twenty years before counsel negotiated a nine-year habitual offender sentence to run concurrently with his ten-year sentence. As recognized by the trial court, counsel negotiated a favorable plea agreement for relator, as a result of which he was charged only as a second-felony offender.

Considering the foregoing, we find relator cannot meet his burden for post-conviction relief under La. C.Cr.P. art. 930.2.  We therefore find no error in the trial court's denial of relator's APCR and deny this writ.

Gretna, Louisiana, this 10th day of February, 2025.

**SJW**
**MEJ**
**JJM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **02/10/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-KH-580**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable E. Adrian Adams (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Terrance Mosley #364080 (Relator)
Dixon Correctional Institute
Post Office Box 788
Jackson, LA 70748