CLARENCE E. McMANUS, Judge.
|2Pefendant, Eric Jefferson, appeals his conviction for failure to register as a sex offender. For the reasons which follow, we affirm defendant’s conviction and sentence.

STATEMENT OF THE CASE

On October 16, 2009, the Jefferson Parish District Attorney filed a bill of information charging defendant, Eric Jefferson, with a violation of LSA-R.S. 15:542 for failing to comply with registration and/or notification requirements pursuant to *1127 LSA-R.S. 15:542 et seq. “relative to registration of sex offender and child predator.” Defendant pled not guilty at his arraignment on November 4, 2009. Thereafter, defendant filed a motion to quash the bill of information on May 24, 2010. This motion was denied by the trial court on May 27, 2010, and defendant sought writs with this Court. This Court denied defendant’s writ application, # 10-K-534, on July 19, 2010. On August 23, 2010, defendant filed a | spro se motion to be relieved of registration and notification requirements. His motion was denied on the following date.
On September 7, 2010, defendant filed a motion to quash the bill of information based on improper venue and double jeopardy. This motion was denied by the trial court on January 18, 2011.
On January 18, 2011, defendant withdrew his not guilty plea and pled guilty to failure to register as a sex offender. Defendant was sentenced to three years imprisonment at hard labor, to run concurrently with any other sentence he was presently serving. On February 7, 2011, in proper person, defendant filed a motion for appeal and for appointment of counsel. Defendant filed another motion for appeal and for appointment of counsel on February 8, 2011. The trial court granted defendant’s appeal on February 16, 2011.

ASSIGNMENT OF ERROR NUMBER ONE

On appeal, defendant argues that the trial court should have granted his motion to quash because venue was improper in Jefferson Parish. He argues that the trial court was without jurisdiction to accept his plea and to sentence him because he was living in Orleans Parish at the time of the offense that was alleged in the bill of information. Defendant admits that he entered an unqualified guilty plea, but contends that improper venue is a jurisdictional defect.
The State notes that defendant made an unqualified guilty plea and failed to reserve his right to appeal the denial of his pro se Motion to Quash pursuant to State v. Crosby, 338 So.2d 584 (La.1976). Nevertheless, the State recognizes the jurisdictional nature of the issue and contends that it provided sufficient evidence to prove venue was proper in Jefferson Parish, noting that defendant gave the Harvey address to the Georgia Department of Corrections and to the Louisiana Department of Motor Vehicles, and that defendant’s mother told Trooper Lacoste |4that he had lived at the Harvey address. The State contends that defendant did not prove that he did not reside in Jefferson Parish, but only proved he may have also lived in Orleans Parish.
On January 18, 2011, a hearing was held on defendant’s pro se motion to quash filed on September 7, 2010, which was adopted by defense counsel. Trooper Chad La-coste of the Louisiana State Police and defendant both testified at the hearing.
Trooper Lacoste testified that in October of 2009 he investigated defendant. He explained that he handled sex offender violations and the case was brought to his attention by the Baton Rouge Headquarters regarding defendant being in violation. He testified that defendant had served some time in the Department of Corrections in Georgia and was “signed up” in Georgia as a convicted sex offender. He testified that defendant had listed the Jefferson Parish address he was moving to with the Georgia Department of Corrections as 1308 Estelot Street in Harvey. He testified that since that time defendant had obtained a Louisiana Identification. He explained that once that happens the Department of Motor Vehicles conducts background checks. The background check revealed that defendant had moved here and was a recently released, convict *1128 ed sex offender. As such, the investigation was sent to the state police to make sure he was not in violation.
The State introduced a copy of defendant’s Louisiana Identification with the 1308 Estelot Street address in Harvey as State’s Exhibit 1. The address on the identification was verified as the address from the Georgia Department of Corrections. Trooper Lacoste later discovered defendant possibly had another address in Jefferson Parish on James Drive. This was the address Trooper Lacoste listed on the arrest warrant, because he believed that was the most current address 15at the time. Trooper Lacoste testified that he spoke to defendant’s mother, who lived at 1308 Estelot, and that she confirmed that defendant had lived with her at that address months before. However, she told Trooper Lacoste that she had not seen or spoken to him since.
Defendant introduced another copy of a Louisiana Identification in defendant’s name with an address of 2938 Americus Street in New Orleans. Trooper Lacoste testified that he was aware of an address on Americus Drive in New Orleans. The two identification cards from Louisiana had the same identification numbers and expiration dates, but different addresses. Defendant also introduced a Correctional Release Identification Card from Georgia, in defendant’s name. The address on this card was 2938 Americus Street.
Trooper Lacoste testified that he was aware of both addresses. When asked why he did not search for defendant in New Orleans, Trooper Lacoste responded that he did. He said he followed up on the Orleans Parish address in an attempt to locate defendant but was unsuccessful. He explained that he received both addresses from the database. He agreed that he had seen the Department of Motor Vehicles issue two identification cards before with the same expiration dates and identification numbers and with different addresses, but that he did not think this was customary. Trooper Lacoste testified that he was aware that two separate identifications from the same office were obtained on the same day. Trooper Lacoste testified, however, that the Estelot Street address was the most accurate information he had available to him, and that this address was later confirmed by defendant’s mother. When asked about the house on Estelot Street not existing until 2009, Trooper Lacoste indicated he was not aware of that.
Defense counsel showed Trooper La-coste a document, which appeared to be an inquiry from the Office of Motor Vehicles that listed the Estelot address and the |,;Americus Street address. Trooper La-coste said he was seeing on the form for the first time that it appeared that the Estelot Street address identification was suspended.
The State offered State’s Exhibit 2 as a true and accurate copy of a certified conviction from the 16th Judicial District Court in defendant’s name, listing the 1308 Estelot Street address. The bill of information in this matter was filed in 2007, and defendant pled guilty in 2009, without providing a change of address to the court.
Defendant testified that on May 26, 2009, he was residing at 2938 Americus Street in New Orleans. He testified that the Louisiana Identification copied in State’s Exhibit 1 had to have been altered in some way because he was not living on Estelot Street on March 18, 2009. He argued that his signatures did not match. He claimed his signature was on the identification with the Americus address, but denied that his signature was on the other. He testified that he only obtained one identification card on March 18th at the DMV and never obtained another with the Estelot address. He claimed at the time *1129 the Estelot address did not have a house on the property for him to reside. He said his mother did not move there until May when she brought a mobile home there. He claimed that on February 5, 2009, the Georgia Department of Corrections issued him a release identification card that included the Americus Street address on the card. He said that he was living on Americus Street until he was arrested on August 21, 2009. He denied residing on Estelot Street in 2009. Defendant also identified sewerage and water bills introduced at the hearing with both Brandy Small and his name on them, dated May 14, 2009 and June 15, 2009. He also introduced a letter from Georgia dated April 20, 2009, with the Americus Street address. He introduced another letter and |7a credit report addressed to defendant at the Americus Street address dated May 7, 2009 and July 27, 2009.
Defendant argued that he established that he was a resident in Orleans Parish in May of 2009. The State argued that it believed it had established that defendant resided in Jefferson Parish. The State explained that defendant had provided the Jefferson Parish address to the DMV Office and in 2009 defendant’s mother informed Trooper Lacoste that he was staying at that address, and that defendant provided that address to the Georgia Department of Corrections. The State argued that, if anything, it proved defendant in fact had been maintaining dual residency and did not register in either parish.
Following the hearing, the court noted that on at least two instances the Estelot address was used — on the certified conviction in the 16th JDC and on a Louisiana Identification card. The court noted that it had compared the signatures on both cards and failed to see any differences in the signatures. The court found that the State proved that defendant was living on Estelot Street at the time of the offense or that defendant was living at two residences, maintaining a dual residence. Accordingly, the trial court denied the motion to quash. Defendant objected to this denial.
Defense counsel contends that the trial judge did not allow defendant to plead pursuant to Crosby, so at that time counsel noted intent to file for a “Writ of Review.” In defendant’s motion for appeal, he stated that during the plea process he made it known orally on the record that he desired to appeal the denial of the motion to quash. He states that out of abundance of caution he filed the instant motion for appeal. The motion provides the following: “Defendant avers that there are valid issues in this matter that are appealable, that were made know [sic] to the court during the several motion hearings held, and that should be resolved by |sthe appellate court despite the guilty plea[.]” Defendant entered an unqualified guilty plea, but now contends that his argument regarding improper venue was a jurisdictional defect.
A guilty plea normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Raines, 00-1942 (La.App. 5 Cir. 5/30/01), 788 So.2d 630, 632. A defendant may be allowed appellate review, however, if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. State v. Turner, 10-995 (La.App. 5 Cir. 9/27/11), 75 So.3d 491, 491-92.
However, in Crosby, the Louisiana Supreme Court held that even an unqualified plea of guilty does not preclude review of jurisdictional defects. Crosby, 338 So.2d at 588. Jurisdictional defects are those which, even conceding a defendant’s factual guilt, do not permit conviction of *1130 the charged offense. Id. The supreme court listed the following examples of jurisdictional defects: (1) the lack of jurisdiction of the sentencing court, (2) the conviction represents double jeopardy, (3) the prosecution had prescribed at the time it was instituted, (4) the State lacked constitutional or legal power to try the defendant for the charged offense, (5) the statute under which prosecution is brought is unconstitutional, (6) the charge in the indictment does not constitute a crime, and (7) certain types of patent errors that prevent conviction for the offense. Id.
In State v. Burnett, 33,739, pp. 8-9 (La.App. 2 Cir. 10/4/00), 768 So.2d 783, 790, writ denied, 00-3079 (La.11/2/01), 800 So.2d 864, the court recognized that a guilty plea waives all defects prior to the plea except those jurisdictional defects which appear on the face of the pleadings and proceeding. In Burnett, the court found that the alleged jurisdictional defect concerning venue did not appear |9on the face of the bill of information or other pleadings and the crime was not shown to have been committed outside of the parish in the testimony at any court proceeding. The court found that because the attorney filed a motion to quash raising venue but then withdrew the motion, it should not consider the assigned error. The court decided that the failure to contest the venue issue and his guilty plea amounted to a waiver of any defense the defendant may have raised regarding jurisdiction.
However, in State v. Schneider, 07-943, p. 14 (La.App. 3 Cir. 4/2/08), 981 So.2d 107, 115, writ denied, 08-0942 (La.12/12/08), 997 So.2d 558, the Louisiana Third Circuit Court of Appeal recognized that because venue is jurisdictional, the failure of a party to object to improper venue does not give jurisdiction to that venue to act. The Schneider court concluded that a criminal matter must be brought in the proper venue in order for the courts to have the power and jurisdiction to act. Id. Thus, we will address the merits of defendant’s assigned error regarding the denial of his motion to quash based on improper venue.
La. Const. Art. 1, § 16 guarantees the right to be tried in the parish where the offense occurred, unless venue is changed in accordance with law. The Louisiana legislature has codified this state constitutional guarantee in the Title XIX of the Louisiana Code of Criminal Procedure. State v. Mueller, 10-0710, p. 10 (La.App. 4 Cir. 12/8/10), 53 So.3d 677, 684. LSA-C.Cr.P. art. 611(A) provides in pertinent part: “[a]ll trials shall take place in the parish where the offense has been committed, unless the venue is changed.” Further, if acts constituting an offense occurred in more than one place, the offense is deemed to have been committed in any parish in this state in which any such act occurred. LSA-C.Cr.P. art. 611(A).
LSA-C.Cr.P. art. 615 provides the following:
| ^Improper venue shall be raised in advance of trial by motion to quash, and shall be tried by the judge alone. Venue shall not be considered an essential element to be proven by the state at trial, rather it shall be a jurisdictional matter to be proven by the state by a preponderance of the evidence and decided by the court in advance of trial.
In the present case, defendant did file a motion to quash based on venue. After considering the testimony and evidence presented at the motion to quash hearing, the trial court found that the State proved by a preponderance of the evidence that defendant was living in Jefferson Parish. Even though defendant also provided proof that he may have been living in Orleans Parish, this does not change the fact that defendant’s address was listed as the Estelot Street address in Jefferson Parish as was given to the Georgia Depart *1131 ment of Corrections, to the Louisiana DMV Office, and in the 16th JDC case. Further, Trooper Lacoste testified that defendant’s mother stated that he had lived at the address in Jefferson Parish a few months before Trooper Lacoste met with her. LSA-R.S. 15:542(B) provides that the person required to register as a sex offender must register in the parish of his residence or his residences, if there is more than one. As such, regardless of whether defendant was also living in Orleans Parish, we find the trial court did not err in denying defendant’s motion to quash, finding venue was proper in Jefferson Parish.

ERROR PATENT DISCUSSION

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990). We find no errors patent that require corrective action.
Accordingly, we affirm defendant’s conviction and sentence.

AFFIRMED