CHAISSON, J.
Defendant, Jason Eugene, appeals his convictions and sentences for four counts of distribution of cocaine as well as his multiple offender adjudication and enhanced sentence. For the reasons that follow, we affirm defendant's convictions and sentences, and we further grant appellate counsel's motion to withdraw as attorney of record for defendant.
PROCEDURAL HISTORY
On February 1, 2016, the Jefferson Parish District Attorney filed a bill of information charging defendant with four counts of distribution of cocaine occurring on four *602 different dates in April of 2013, violations of La. R.S. 40:967(A). Defendant pled not guilty at his arraignment.
On March 10, 2016, defendant withdrew his pleas of not guilty, and after being advised of his rights, pled guilty as charged. In accordance with the plea agreement, defendant was sentenced to fifteen years imprisonment with the Department of Corrections[1] on each count to run concurrently. The State then filed a bill of information, pursuant to the provisions of La. R.S. 15:529.1, seeking to have defendant adjudicated a second felony offender. After being advised of his rights, defendant stipulated to the allegations in the multiple bill. The trial court then vacated defendant's sentence on count one and resentenced defendant, in accordance with the plea agreement, to fifteen years imprisonment with the Department of Corrections without benefit of probation or suspension of sentence.
On March 26, 2018, the trial court granted defendant an out-of-time appeal.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed appellate counsel requests permission to withdraw as attorney of record for defendant.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. State v. Bradford , 676 So.2d at 1110.
In this case, defendant's appellate counsel has complied with the procedures for filing an Anders brief. She details the procedural history of the case as well as the circumstances surrounding defendant's guilty pleas and sentencing. She particularly notes that there were no pretrial rulings which could arguably support an appeal, and that defendant entered unqualified guilty pleas, thereby waiving any non-jurisdictional defects. Appellate counsel further sets forth that defendant's guilty pleas to the original and multiple offender bills of information were not constitutionally infirm because defendant was advised of and indicated that he understood the rights that would be waived by pleading guilty. Further, appellate counsel recognizes that defendant was not forced, coerced, or threatened to enter the guilty pleas, and that the sentences were imposed in conformity with the plea agreements. Defendant's appellate counsel concludes that after a conscientious and thorough review of the trial court record, she can find no non-frivolous issues to raise on appeal and no ruling of the trial *603 court that arguably supports an appeal. Therefore, she requests permission to withdraw as attorney of record for defendant.[3]
This Court has performed an independent, thorough review of the pleadings, minute entries, bills of information, and transcripts in the appellate record. Our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
We particularly note that the record reveals no constitutional infirmities or irregularities in defendant's guilty pleas to the four counts of distribution of cocaine that would render them invalid. The transcript of the guilty plea proceeding and the acknowledgment and waiver of rights form show that defendant was aware of the nature of the charges against him, that he was properly advised of his Boykin[4] rights, including the right to a jury trial, the right to confrontation, and the privilege against self-incrimination, and that he understood he was waiving these rights by pleading guilty.
In addition, the record reflects that defendant was informed by the trial court and in the waiver of rights form of the maximum sentences on all counts and of the actual sentences that would be imposed upon acceptance of his guilty pleas.[5] Further, during the guilty plea colloquy and in the waiver of rights form, defendant confirmed that he had not been forced, coerced, or intimidated into entering his guilty pleas. After his colloquy with defendant, the trial judge accepted defendant's guilty pleas as knowingly, intelligently, freely, and voluntarily made.
With respect to the multiple offender proceeding, the record shows that defendant was likewise adequately advised of his rights. The waiver of rights form and the transcript indicate that defendant was advised of his right to a hearing at which the State would have to prove his multiple offender status and of his right to remain silent throughout the hearing. Defendant was also advised of the potential sentencing range as a second felony offender and the actual sentence he would receive. Defendant indicated that he had not been forced or coerced into stipulating to the multiple bill, that he understood his rights and the legal consequences of pleading guilty to the multiple offender bill of information, and that he wished to plead guilty. The trial judge thereafter accepted defendant's stipulation to the multiple bill as knowingly, intelligently, freely, and voluntarily made.
Further, defendant's sentences were imposed in accordance with the plea agreements. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Likewise, *604 this Court has consistently recognized that La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. State v. Williams , 12-299 (La. App. 5 Cir. 12/11/12), 106 So.3d 1068, 1075, writ denied , 13-109 (La. 6/21/13), 118 So.3d 406. In addition, defendant's sentences fall within the sentencing ranges set forth in the applicable statutes. See La. R.S. 40:967(B)(4)(b) ; La. R.S. 15:529.1.
Based on the foregoing, we find that defendant's guilty pleas to the original and multiple offender bills of information and the sentences imposed pursuant to the plea agreements do not present any issues for appeal.
Lastly, we have reviewed the record for errors patent and have found none that require corrective action. See La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990).
DECREE
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, we affirm defendant's convictions and sentences, and we grant appellate counsel's motion to withdraw as attorney of record for defendant.
CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED

This Court has previously held that when the trial judge states that the defendant is sentenced to the "Department of Corrections," the sentence is necessarily at hard labor. See State v. Jamison , 17-49 (La. App. 5 Cir. 5/17/17), 222 So.3d 908, 909, n.2.

In Bradford , supra , this Court adopted the procedures outlined in State v. Benjamin , 573 So.2d 528, 530 (La. App. 4th Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton , 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam ).

In addition, defendant was notified of his right to file a pro se brief in this appeal. As of this date, defendant has not filed a pro se brief.

See Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

It is noted that defendant was not advised of the mandatory minimum penalty set forth in La. R.S. 40:967(B)(4)(b). La. C.Cr.P. art. 556.1(A)(1) provides that prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. This Court has held that an advisement of an agreed upon sentence is sufficient for compliance with La. C.Cr.P. art. 556.1. State v. Craig , 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64.