WINDHORST, J.
On appeal, defendant's appointed appellate counsel filed an Anders brief on defendant's behalf asserting that there is no basis for a non-frivolous appeal. Defendant filed a pro se supplemental brief arguing one assignment of error. For the reasons that follow, defendant's convictions and habitual offender stipulation are affirmed, his original and enhanced sentences are vacated, and the matter is remanded to the trial court for resentencing. We further grant appellate counsel's motion to withdraw as counsel of record.
Procedural History
On August 5, 2014, the Jefferson Parish District Attorney filed a bill of information charging defendant, Jonas Kelly, with attempted carjacking in violation of La. R.S. 14:27 and La. R.S. 14:64.2 (count one) and possession with intent to distribute cocaine in violation of La. R.S. 40:967 A (count two). On August 18, 2014, defendant pled not guilty at his arraignment.
Omnibus motions, which included motions to suppress evidence and statements, were filed by defendant. On July 6, 2015, the trial court denied the motions to suppress *1230 evidence and statements. Subsequently, defense counsel filed a motion to rehear all previously denied motions, which was denied by the trial court on June 1, 2016.
On June 2, 2016, defendant withdrew his not guilty pleas and pled guilty as charged pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The trial court sentenced defendant to two years in the Department of Corrections without benefit of parole, probation, or suspension of sentence, a $500 fine and court costs on count one. The trial court also sentenced defendant to a term of fifteen years in the Department of Corrections, a $500 fine and court costs on count two. The trial court further ordered these sentences to run concurrently with one another and with any other time defendant was presently serving for a parole revocation and ordered credit for time served.
On the same date, the State filed a habitual offender bill of information charging defendant as a second felony offender on count two, to which defendant stipulated. The trial court then vacated defendant's original sentence on count two and resentenced him as a second felony offender to fifteen years in the Department of Corrections without benefit of probation or suspension of sentence and ordered court costs. Defendant's enhanced sentence was ordered to run concurrently with the sentence on count one and with the parole revocation defendant had either received or was "facing."
On October 27, 2016, defendant filed a pro se application for post-conviction relief. On November 2, 2016, the trial court dismissed defendant's application without prejudice and granted him an out-of-time appeal. This appeal followed.
Facts
Because defendant entered guilty pleas, the underlying facts were not fully developed at trial. Nevertheless, the bill of information provides that on or about July 12, 2014, defendant "violated La. R.S. 14:27:64.2 in that he did attempt to take a [sic ] unmarked Jefferson Parish Sheriff's Office Police Car from Detective Patrick Evans by use of force or intimidation," and on July 12, 2014, "violated La. R.S. 40:967.A in that he did knowingly or intentionally possess with intent to distribute a controlled dangerous substance, to wit: Cocaine."
During the guilty plea proceeding, the State contended that if the matter proceeded to trial on count one, the State would have called witnesses and established beyond a reasonable doubt that defendant attempted to take an unmarked Jefferson Parish Sheriff's Office patrol car from an officer by use of force or intimidation in Jefferson Parish. As to count two, the State stated that it would have called witnesses and established beyond a reasonable doubt that defendant possessed cocaine in Jefferson Parish with the intent to distribute it.
Discussion
Under the procedure adopted by this Court in State v. Bradford, 95-929 (La. App. 5 Cir. 06/25/96), 676 So.2d 1108, 1110-11,[1] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on *1231 appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam ), appointed counsel requests permission to withdraw as counsel of record.
In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it.[2] The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. Id. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
Defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel contends that a review of the transcript and the waiver of rights forms show that defendant was advised and understood the rights he was waiving. She asserts that defendant was also advised of his rights when he stipulated to the habitual offender bill of information and defendant assured the trial court that he understood the rights he was waiving. Counsel contends that defendant was advised of the enhanced sentence he would receive, and defendant stated that he was not forced, threatened, or coerced into entering his pleas. She argues that the record lacks any indication that defendant did not knowingly, intelligently, and voluntarily enter his pleas.
Counsel states that although the factual basis presented by the State was "meager," the evidence presented at the suppression hearing can be reviewed in establishing *1232 the factual basis required for an Alford plea. She also concludes that defendant did not preserve his right to appeal the trial court's ruling regarding the motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La. 1976).
Appellate counsel filed a motion to withdraw as attorney of record wherein she stated that she notified defendant that she filed an Anders brief and that defendant had the right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until June 21, 2017 to file a pro se supplemental brief.[3]
Our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the offenses charged. It also sufficiently identified defendant and the crimes charged. See La. C.Cr.P. arts. 462 - 466. Further, as reflected by the minute entries and the commitment, defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, guilty pleas, habitual offender stipulation, and sentencing. Thus, there are no appealable issues regarding defendant's presence.
Further, defendant pled guilty in this case. He also stipulated to being a second felony offender as alleged in the habitual offender bill. When a defendant pleads guilty, he waives all non-jurisdictional defects in the proceedings leading to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697 (La. App. 5 Cir. 03/14/06), 926 So.2d 662, 664. An unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the habitual offender hearing. State v. Schaefer, 97-465 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304.
No rulings were preserved for appeal under the holding in Crosby, supra, including the trial court's denial of defendant's motions to suppress evidence and statement. Although the trial court did not rule upon a motion for preliminary examination and other pretrial motions filed by defendant prior to the time defendant entered his guilty pleas, defendant did not object. When the trial court does not hear or rule on a pretrial motion, and the defendant does not object prior to pleading guilty, the motion is considered waived. See State v. Corzo, 04-791 (La. App. 5 Cir. 02/15/05), 896 So.2d 1101, 1102.
Defendant pled guilty pursuant to Alford, supra, which requires the establishment of a factual basis for the plea when a defendant protests that he is innocent. The "best interest" or Alford plea is one in which the defendant pleads guilty while maintaining his innocence. State v. McCoil, 05-658 (La. App. 5 Cir. 02/27/06), 924 So.2d 1120, 1122-1123. According to Alford, a defendant may plead guilty, without foregoing his protestations of innocence, if "the plea represents a voluntary *1233 and intelligent choice among the alternative courses of action open to defendant especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." State v. Jones, 07-512 (La. App. 5 Cir. 12/27/07), 975 So.2d 21, 24-25, writ denied, 08-325 (La. 09/26/08), 992 So.2d 982. When a defendant pleads guilty under Alford, constitutional due process requires that the record contain strong evidence of actual guilt. McCoil, 924 So.2d at 1123-24.
The State offered a factual basis for each plea,[4] which the trial court found sufficient under Alford. This Court also finds the factual basis given for each charged offense was sufficient. Moreover, the suppression hearing transcript contains strong evidence of defendant's actual guilt as to both charges.[5] We also note that during a pretrial hearing, defendant admitted his guilt to the trial court regarding the charge of possession with intent to distribute cocaine.[6] Thus, the record demonstrates strong evidence of defendant's actual guilt for the charges of attempted carjacking and possession with intent to distribute cocaine and supports defendant's Alford pleas.[7]
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. McCoil, 924 So.2d at 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin [8] colloquy is inadequate, or when a defendant is induced to *1234 enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id. In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly. State v. Dixon, 449 So.2d 463, 464 (La. 1984).
A review of the record reveals no constitutional infirmity in defendant's guilty pleas. Defendant was aware he was pleading guilty to the charges of attempted carjacking (count one) and possession with intent to distribute cocaine (count two). In the waiver of rights form and during the colloquy, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination as required by Boykin. Defendant signed the wavier of rights form indicating he understood he was waiving his Boykin rights by pleading guilty. During the colloquy, defendant acknowledged it was his signature on the waiver of rights form and that he understood those rights.
Also during the guilty plea colloquy, defendant was advised of his right to be represented by an attorney and the trial court's ability "to impose the maximum sentence provided for by law without trial." Defendant stated that he understood these convictions could be used against him in the future to enhance or increase any future penalties. Defendant stated that he had not been forced, coerced, or threatened into entering his guilty pleas.
La. C.Cr.P. art. 556.1 A(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. "Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea." La. C.Cr.P. art. 556.1 E. Violations of La. C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. State v. Guzman, 99-1528, 99-1753 (La. 05/16/00), 769 So.2d 1158, 1164-1166. The advisement of an agreed upon sentence is sufficient for compliance with La. C.Cr.P. art. 556.1. State v. Craig, 10-854 (La. App. 5 Cir. 05/24/11), 66 So.3d 60, 64 ; State v. Broadway, 40,569 (La. App. 2 Cir. 01/25/06), 920 So.2d 960, 963. The Louisiana Supreme Court has clearly held that the core Boykin constitutional requirements have never been extended to include advice with respect to sentencing. Guzman, 769 So.2d at 1164. The proper inquiry is whether the defendant's knowledge and comprehension of the full and correct information would have likely affected his or her willingness to plead guilty. Id. at 1165 ; State v. Gilliam, 01-748 (La. App. 5 Cir. 01/15/02), 807 So.2d 1024, 1027, writ denied, 02-512 (La. 11/01/02), 828 So.2d 562.
During the colloquy, the trial judge advised defendant that he could receive a maximum sentence of ten years for attempted carjacking but was silent as to the restriction of benefits or that the sentence would be served at hard labor.[9] For possession with intent to distribute cocaine, *1235 the trial judge incorrectly informed defendant that he could receive a maximum sentence of forty years in the Department of Corrections.[10]
When advising defendant of the potential penalties he faced, the trial court did not verbally advise defendant of the mandatory minimum and the correct maximum penalty for possession with intent to distribute cocaine and did not verbally advise defendant of the restriction of benefits for either attempted carjacking or possession with intent to distribute cocaine. The trial court also did not disclose the full sentencing range for possession with intent to distribute cocaine or that a sentence for attempted carjacking would be served at hard labor. Regardless, the waiver of rights form sufficiently reflects that defendant was aware of the sentences he would receive and the record does not show that any substantial rights of defendant were affected.[11]
At the beginning of the guilty plea colloquy, defense counsel notified the trial court that defendant executed a waiver of rights form. Defendant also informed the trial court that he reviewed the waiver of rights form with his attorney, understood the concepts in the form, and signed the form. Moreover, the waiver of rights form includes handwritten notations that defendant's sentences would be two years at hard labor without the benefit of probation, parole, or suspension of sentence on count one and fifteen years at hard labor without the benefit of probation, parole, or suspension of sentence on count two.[12] The waiver of rights form also contains a handwritten notation of the maximum sentences defendant could receive under the statutes. The waiver of rights form is dated June 2, 2016, and is signed by defendant, his counsel, and the trial court and indicates that defendant understood what would be his sentences. After the colloquy with defendant, the trial court accepted defendant's pleas as knowingly, intelligently, freely, and voluntarily made.
The transcript of the colloquy and the completed waiver of rights form establish that defendant was sufficiently advised of the sentences to be imposed. Any violations of La. C.Cr.P. art. 556.1 are harmless since notice of the agreed upon sentences was sufficient. La. C.Cr.P. art. 556.1 ; See Craig, supra ; Broadway, supra ;
*1236 State v. Robinson, 14-889 (La. App. 5 Cir. 04/15/15), 170 So.3d 300, 305. Defendant's pleas were freely and voluntarily made.
A review of the record also shows no constitutional infirmity in defendant's stipulation to the habitual offender bill. Turning to the habitual offender proceeding, La. R.S. 15:529.1 requires the trial court to advise a defendant of the allegations contained in the habitual offender bill of information, his right to a hearing, and his right to remain silent. State v. Jamison, 17-49 (La. App. 5 Cir. 05/17/17), 222 So.3d 908 ; State v. Oliver, 14-428 (La. App. 5 Cir. 11/25/14), 165 So.3d 970, 976, writ denied, 14-2693 (La. 10/09/15), 178 So.3d 1001. The failure of the trial court to advise a defendant of his right to a hearing and to remain silent is harmless error when the habitual offender status is established by competent evidence offered by the State at a hearing, rather than by the admission of the defendant. Id. However, there is reversible error when the defendant stipulates to the habitual offender bill of information without having been informed of his right to a hearing or his right to remain silent. Id. If the record reflects that the defendant was advised of his habitual offender rights by the trial judge and/or his attorney, then the defendant intelligently waived his rights. Jamison, supra ; Oliver, supra.
During the habitual offender bill colloquy, the trial court informed defendant that he had two choices: to "go to trial" on the habitual offender bill or to "plead guilty." The trial court further stated it was his understanding from discussions with defense counsel that defendant intended to plead guilty. Defendant inquired if he could have a hearing on the habitual offender bill, and the trial court responded that a hearing would be limited on whether defendant was the same person previously convicted in 2006. The trial court informed defendant that he would not "go less" than a fifteen-year sentence as part of the plea agreement, defendant stated there would be "no sense to go to trial on that then," and stipulated to the habitual offender bill. Defendant was also advised of his right to "trial by Judge." Therefore, defendant was advised of his right to a hearing by the trial court.
Additionally, defendant admitted he was the same person convicted of burglary in case number 05-2245 in the 24th Judicial District Court. Defendant's executed waiver of rights form and guilty plea colloquy also show that defendant was advised of his right to remain silent throughout the hearing. Defendant's initialed the waiver of rights form which reflected that he would receive a sentence of fifteen years at hard labor without the benefit of probation or suspension of sentence and of the potential sentencing range he faced as a habitual offender.
During the colloquy, the trial court asked defendant if he signed the waiver of rights form, reviewed the form with the assistance of his attorney, and was able to understand the concepts in the form. Defendant responded affirmatively to each question. Defendant denied that anyone had promised him anything or threatened him into pleading guilty. The trial court then accepted defendant's stipulation as a second felony offender pursuant to La. R.S. 15:529.1. There were no non-frivolous issues for counsel to raise on appeal involving defendant's stipulation to the habitual offender bill of information.
By stipulating to the habitual offender bill of information, defendant waived his right to a hearing and to any *1237 non-jurisdictional defects. Defendant is accordingly barred from asserting on appeal that the State failed to produce sufficient proof at the habitual offender bill hearing when he waived the hearing. Schaefer, supra. See also State v. Crawford, 14-364 (La. App. 5 Cir. 12/23/14), 166 So.3d 1009, 1019.
Defendant was informed through the waiver of rights form that he would receive two years at hard labor without the benefit of probation, parole, or suspension of sentence on count one, and he subsequently received this sentence and a $500.00 fine. He was also informed by the waiver of rights form that he would receive fifteen years at hard labor without benefit of probation, parole, or suspension of sentence on count two, and he subsequently received a sentence of fifteen years at hard labor and a $500.00 fine. The $500.00 fine does not appear in the waiver of rights form; however, this sentence was vacated following defendant's stipulation as a habitual offender.
Defendant's original sentences were imposed pursuant to, and in conformity with, the plea agreement. La. C.Cr.P. art. 881.2 A(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Moore, 06-875 (La. App. 5 Cir. 04/11/07), 958 So.2d 36, 46 ; State v. Washington, 05-211 (La. App. 5 Cir. 10/06/05), 916 So.2d 1171, 1173. Even though the trial court did not inform defendant of the agreed upon sentences during the colloquy, the waiver of rights form, dated the same date as the guilty plea proceeding, adequately informed defendant of the terms of his sentences and the same was set forth in the record at the time of the plea. Further, defendant's sentences fall within the sentencing ranges prescribed by the statutes. See La. R.S. 14:27 ; La. R.S. 14:64.2 ; La. R.S. 40:967 B.
During the pretrial proceedings, the State sought to put its plea deal of "a double and 15 years" on the record. It was elicited during the hearing that defendant was a "triple life offender" and a "quadruple felon plus," and that defendant, if found guilty, could be sentenced to a mandatory minimum sentence "for the rest of his natural life." The plea agreement was extremely beneficial to defendant based on defendant's prior record. Defendant was present during the hearing and vocalized his concerns regarding the plea deal.
During the habitual offender colloquy, the trial court informed defendant that as part of the plea agreement that he would not "go less" than a fifteen-year sentence. Defendant responded that he understood. Defendant was informed that the sentencing range was not less than fifteen years and not more than sixty years without the benefit of probation or suspension of sentence. Defendant was also advised in the waiver of rights form of the fifteen-year sentence at hard labor, including that the sentence would be imposed without the benefit of probation or suspension of sentence, and defendant received a fifteen-year sentence without the benefit of probation or suspension of sentence. After stipulating to being a second felony offender, defendant was sentenced to fifteen years without the benefit of probation or suspension of sentence.[13] Defendant was sentenced in accordance with the habitual offender plea agreement.
*1238 With regard to defendant's sentences, La. C.Cr.P. art. 881.2 A(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Washington, 05-211 (La. App. 5 Cir. 10/06/05), 916 So.2d 1171, 1173. Additionally this Court has consistently recognized that La. C.Cr.P. art. 881.2 precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed. State v. Williams, 12-299 (La. App. 5 Cir. 12/11/12), 106 So.3d 1068, 1075, writ denied, 13-109 (La. 06/21/13), 118 So.3d 406. Defendant's original sentences and enhanced sentence were imposed in accordance with the terms of the plea agreement set forth in the record at the time of the pleas and stipulation.
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel's assertion, appellate counsel's motion to withdraw as attorney of record is granted.
Pro Se Assignment of Error
In his pro se brief, defendant contends that his guilty plea is constitutionally infirm. He argues several issues under that assignment of error, including: (1) Whether there was a factual basis for his pleas, (2) Whether his appellate counsel was ineffective, (3) Whether the trial court heard any account of the events at a pretrial hearing,[14] and (4) Whether his sentence was disproportionate and unreasonably excessive.
As discussed above, our review of the record reveals no constitutional infirmity in defendant's guilty pleas to the underlying charges pursuant to Alford and his stipulation to the habitual offender bill. Also, our review supports appellate counsel's assertion that there is no basis for a non-frivolous appeal.
Additionally, as previously explained, defendant is precluded from seeking review of his original and enhanced sentences as his sentences were imposed in conformity with the plea agreement which was set forth in the record at the time of the plea. La. C.Cr.P. art. 881.2 A(2), State v. Ferrera, 16-243 (La. App. 5 Cir. 12/14/16), 208 So.3d 1060, 1065, State v. Dickerson, 11-236 (La. App. 5 Cir. 11/15/11), 80 So.3d 510, 521. Moreover, defendant's sentences fall within the sentencing ranges prescribed by the statutes and defendant concedes that he received less than the maximum sentence for the offense to which he pled guilty.
Further, defendant contends that his appellate counsel erroneously submitted an Anders brief and a motion to withdraw as counsel of record and that counsel's brief does not provide a full analysis of defendant's *1239 conviction for which he "received a 1 year sentence without the benefits of probation, parole or suspension of sentence." He complains that counsel's Anders brief fails to contain any analysis regarding his two applications for reduction of bail. He argues that since judges are to consider the seriousness of the offense charged in determining the amount of bond, appellate counsel's motion to withdraw should be denied.
Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district court, where a full evidentiary hearing can be conducted, rather than by direct appeal. However, when the record contains sufficient evidence to rule on the merits of the claim, and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Taylor, 04-346 (La. App. 5 Cir. 10/26/04), 887 So.2d 589, 595.
The Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution safeguard a defendant's right to effective assistance of trial counsel. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court held that a defendant asserting an ineffective assistance claim must show that defense counsel's performance was deficient and that the deficiency prejudiced the defendant. To establish ineffective assistance of counsel, the defendant has the burden of showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. 2052.
The prejudice prong of the Strickland test requires a showing that the appellate court would have afforded relief on appeal. State v. Joseph, 16-191 (La. App. 5 Cir. 12/7/16), 205 So.3d 1013, 1023. Because we find there are no non-frivolous errors that would afford relief on appeal, and defendant's pro se arguments do not have merit, defendant cannot establish prejudice such that this Court would have afforded relief on appeal. Defendant's appellate counsel was not ineffective in filing an Anders brief.
Errors Patent Review
Defendant requests an errors patent review. However, this Court routinely reviews the record for errors patent in accordance with the mandates of La. C.Cr.P. art. 920 ; State v. Oliveaux, 312 So.2d 337 (La. 1975) ; and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether the defendant makes such a request. We find that one error patent requires corrective action.
Defendant's original and enhanced sentences are indeterminate because the trial court ordered them to run concurrently with a parole revocation when defendant's parole status was unclear. When imposing defendant's original sentences, the trial judge ordered "the sent [sic] in Case No. 14-4100 is to run concurrent with any other time you are presently serving for the parole revocation which I understand that you are facing based upon your attorneys statements on the record here today." When imposing defendant's enhanced sentence on count two, the trial court ordered it to run concurrently with the sentence on count one and "with the parole revocation you have either received or are facing."
The waiver of rights form regarding the original sentences does not mention *1240 the sentences being served concurrent with any parole revocation. It only states that the sentences should be served concurrent with one another and with any other sentence. The habitual offender waiver of rights form states that defendant would receive the following sentence: "15 yrs H.L w/o benefit of prob. or susp. of sent to run concurrent with any other sent. w/c/t/s (including prob. sent.)." The handwritten notation of "prob." appears to stand for probation. Aside from this one instance, the record does not include any additional mention of probation or of defendant's probation status.[15] Further, the minute entry/commitment, which contains both the guilty plea and the habitual offender proceedings, provides that "the above sentence run concurrent with any sentence he is presently serving and any parole revocation." The uniform commitment order (UCO) states that the sentence shall be concurrent with "parole revocation." Where there is a conflict between the commitment and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La. 1983).
In Jamison, 17-49 (La. App. 5 Cir. 05/17/17), 222 So.3d 908, this Court found that while there was no prohibition against a trial court ordering a sentence to run concurrently with an existing parole revocation, the defendant's enhanced sentence was indeterminate and in violation of La. C.Cr.P. art. 879 because the defendant's parole status at the time his enhanced sentence was imposed was unclear from the record. There, the trial court stated his intention was "that this sentence be run concurrent with any parole revocation that [defendant] may be facing. Understand that I don't control your parole revocation, but it is my intention that this be concurrent with your parole revocation, if your actual parole is revoked ." Id. (Emphasis as found in original). This Court vacated defendant's habitual offender sentence and remanded to the trial court for resentencing of defendant as a habitual offender, including clarification of the defendant's parole status at the time of resentencing. Id. See also, State v. Campbell, 08-1226 (La. App. 5 Cir. 05/26/09), 15 So.3d 1076, 1081, 1083, writ denied, 09-1385 (La. 02/12/10), 27 So.3d 842 ; State v. Ott, 12-11 (La. App. 5 Cir. 10/16/12), 102 So.3d 944, 955.
Accordingly, we find that defendant's original and enhanced sentences are indeterminate. Defendant's original and enhanced sentences are vacated and the matter is remanded for resentencing and for clarification of defendant's parole and/or probation status.
Conclusion
Based on the foregoing, defendant's convictions and habitual offender stipulation are affirmed, his original and enhanced sentences are vacated, and the matter is remanded to the trial court for resentencing. We further grant appellate counsel's motion to withdraw as counsel of record.
CONVICTIONS AND HABITUAL OFFENDER STIPULATION AFFIRMED; ORIGINAL AND ENHANCED SENTENCES VACATED; REMANDED FOR RESENTENCING; MOTION TO WITHDRAW AS COUNSEL OF RECORD GRANTED

In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La. 04/28/95), 653 So.2d 1176, 1177 (per curiam ).

The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

Defendant's pro se brief was postmarked July 11, 2017, and thus, untimely. Nevertheless, this Court considered defendant's pro se brief as it was filed before submission of the case to this panel on October 11, 2017.

The waiver of rights form reflects that only count one was pursuant to Alford, and defendant wished to plead guilty to count two. However, during the colloquy, defendant stated that he was only pleading guilty to count two "because it's in my best interest right now." The State then indicated that it had no objection to defendant also entering an Alford plea on count two.

At the suppression hearing, Agent Sean Williams testified that as a result of his training and experience, he understands the difference between possession for individual use and distribution of cocaine. He testified that at approximately 8:30 P.M. on July 12, 2014, he encountered defendant. He stated that Detective Patrick Evans radioed him while they were both separately patrolling "the narcotics dump" in Jefferson Parish. Detective Evans stated that a suspect attempted to carjack him in his unmarked police car. Detective Evans described the suspect as approximately 5'9,? weighing two hundred pounds, wearing a baseball cap, white T-shirt, and blue jean shorts. Agent Williams stated that after proceeding to the area, he and assisting officers located a suspect who matched Detective Evan's description of the suspect. Detective Evans later identified defendant as the attempted carjacker. Agent Williams testified that cocaine was found on defendant's person pursuant to a search incident to arrest.

During the pretrial hearing, defendant made the following statement:
Those drugs were mine. God is my witness. God is my witness. I would have never in my life be so stupid enough to try to take somebody's car. God is my witness. This police he lied on me and the drugs are mine. I don't mind pleading guilty to that drug charge. That's mine. That's my drugs. But as far as me trying to [sic] somebody's car and attempted carjacking somebody? Just think about it? I ain't had no gun or nothing. I'm asking you to please just have discretion on this matter and please step in and let me just plead guilty to what I am guilty of.

During the factual basis, the State mistakenly provided the date of the incident as July 12, 2015. The bill of information and the suppression hearing testimony show that the date the offenses occurred was July 12, 2014. In addition, the bill was filed in 2014.

Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

La. R.S. 14:64.2 B provides that carjacking is punishable "at hard labor for not less than two years and for not more than twenty years, without benefit of parole, probation, or suspension of sentence." La. R.S. 14:27 D(3) dictates that whoever attempts to commit a crime "shall be fined or imprisoned or both, in the same manner as for the offense attempted ... [to] not exceed one-half of the largest fine, or one-half of the longest term of the imprisonment prescribed for the offense so attempted, or both." Thus, defendant was subjected to a sentence "with the sentencing range reduced to half the longest sentence available, in this case, from zero to 10 years at hard labor, without benefits." State v. Taylor, 47,267 (La. App. 2 Cir. 08/08/12), 103 So.3d 517, 524.

La. R.S. 40:967 B(4)(b) prescribes the penalty for possession with intent to distribute cocaine as "a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may in addition, be sentenced to pay a fine of not more than fifty thousand dollars."

According to La. R.S. 14:27 and La. R.S. 14:64.2, there is no mandatory minimum sentence for attempted carjacking, even though one was required for the completed offense. State v. Dickerson, 10-672 (La. App. 5 Cir. 04/26/11), 65 So.3d 172, 180. La. C.Cr.P. art. 556.1 A(1) requires an advisal of the mandatory minimum penalty only if one exists. Since there was no mandatory minimum sentence for attempted carjacking, the trial court's failure to advise defendant of the sentencing range did not violate La. C.Cr.P. art. 556.1 A(1).

La. R.S. 40:967 B only requires that the first two years of the sentence be without the benefit of parole, probation, or suspension of sentence. Therefore, it seems that during the colloquy defendant was advised of greater restrictions on benefits than were to be imposed in accordance with the statute.

In the colloquy and the waiver of rights form, defendant was not informed that his guilty plea would result in a sentence of two years without the benefit of parole, probation, or suspension of sentence. Defendant does not suggest that there was any inducement regarding the restrictions of benefits in this case, and the sentence, which must be served without benefits according to law, was not inconsistent with the plea agreement. See State v. Landfair, 07-751 (La. App. 5 Cir. 03/11/08), 979 So.2d 619, 622-23, writ denied, 08-1143 (La. 01/9/09), 998 So.2d 713.

Defendant briefly asserts that he "did not have a pre-trial hearing for which he was denied." It is unclear from defendant's statement whether the trial court did not hold a pretrial hearing or whether a motion was heard or denied. Regardless, when a defendant does not object to the trial court's failure to hear or rule on a pretrial motion prior to pleading guilty, the motion is considered waived. Corzo, 896 So.2d at 1102.

La. C.Cr.P. art. 901 C(2) provides that only the judge who revokes probation can order the sentence on a probation revocation to run either concurrent or consecutively with the sentence on the later conviction. State v. Bazley, 09-358 (La. App. 5 Cir. 01/11/11), 60 So.3d 7, 26, writ denied, 11-282 (La. 06/17/11), 63 So.3d 1039.