STATE OF LOUISIANA                    NO. 19-KA-579

VERSUS                               FIFTH CIRCUIT

KYRON J. HUNTER A.K.A. "KHARA BEY"   COURT OF APPEAL

                                     STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-6126, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING


June 24, 2020


**FREDERICKA HOMBERG WICKER**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois


**CONVICTIONS AFFIRMED; SENTENCES VACATED AND**
**REMANDED; MOTION TO WITHDRAW GRANTED**
    **FHW**
    **SMC**
    **JGG**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
 Honorable Paul D. Connick, Jr.
 Thomas J. Butler
 Darren A. Allemand

COUNSEL FOR DEFENDANT/APPELLANT,
KYRON J. HUNTER A.K.A. "KHARA BEY"
 Cynthia K. Meyer

**WICKER, J.**

Defendant, Kyron J. Hunter a/k/a "Khara Bey," along with his co-defendant, was charged with and pled guilty to one count of money laundering, one count of theft, and two counts of conspiracy. He was sentenced on each count to five years imprisonment at hard labor, suspended, with three years of active probation, with the sentences to run concurrently. The trial court also ordered defendant to pay $31,344.48 in restitution in connection with count three "jointly and *in solido*" with his co-defendant.

Appointed counsel for defendant filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), seeking to withdraw as attorney of record for defendant, asserting that after thoroughly reviewing the district court record, she could find no non-frivolous issues to raise on appeal.

For the following reasons, we affirm defendant's convictions, vacate his sentences and remand for resentencing consistent with this opinion, and grant appellate counsel's motion to withdraw as counsel of record for the defendant.

**PROCEDURAL HISTORY**

On September 24, 2018, the Jefferson Parish District Attorney filed a bill of information charging defendant, Kyron J. Hunter a/k/a "Khara Bey," and Tamika N. Gotch a/k/a "Amoure A. Bey" with conspiracy to commit money laundering between $20,000 and $100,000 in violation of La. R.S. 14:26 and La. R.S. 14:230(E)(3) (count one), money laundering between $3,000 and $20,000 in violation of La. R.S. 14:230(E)(2) (count two), theft greater than $25,000 in violation of La. R.S. 14:67 (count three), and conspiracy to commit theft greater than $25,000 in violation of La. R.S. 14:26 and La. R.S. 14:67 (count four). Defendant was arraigned on September 25, 2018, and a not guilty plea was entered.

On November 14, 2018, defendant signed and filed into the record an "Acknowledgment of Constitutional Right to Counsel and Waiver of Right to Counsel and Request to Represent Self." After a hearing, the trial court granted defendant's request and allowed him to represent himself.

On May 16, 2019, defendant withdrew his not guilty plea and pled guilty as charged on all counts. After waiver of delays, the trial court sentenced defendant to five years imprisonment at hard labor on each count, suspended the sentences, and ordered three years of active probation on each count, with the sentences to run concurrently. The trial court also ordered defendant to pay $31,344.48 in restitution in connection with count three "jointly and *in solido*" with his co-defendant.

On July 9, 2019, defendant filed a Motion to Stay Final Ruling Pending Appeal with this Court. On July 30, 2019, this Court denied defendant's request for relief, finding that defendant failed to obtain a ruling from the trial court. On August 14, 2019, defendant filed a Motion to Stay Final Ruling Pending Appeal in the trial court, which was denied on August 29, 2019. This appeal followed.[1]

**FACTS**

Because defendant pled guilty, the underlying facts were not fully developed at a trial. Nevertheless, the State alleged in the bill of information that defendant, on or between January 1, 2015 and December 31, 2015, in Jefferson Parish, violated La. R.S. 14:26 and La. R.S. 14:230(E)(3) in that he and Tamika N. Gotch did conspire to acquire or maintain an interest in, received, concealed, possessed, transferred, or transported the proceeds from criminal activity, to wit: between $20,000 and $100,000 (count one); violated La. R.S. 14:230(E)(2) in that he and Ms. Gotch acquired or maintained an interest in, received, concealed, possessed, transferred, or transported the proceeds from criminal activity, to wit: between

---

[1] Co-defendant, Tamika N. Gotch, also appealed from her convictions and sentences, and judgment was rendered by this Court. See *State v. Gotch*, 19-KA-580. DATE, ___ So.3d ___.

$3,000 and $20,000 (count two); violated La. R.S. 14:67 in that he and Ms. Gotch did commit theft of U.S. currency valued at greater than $25,000 from Dimitra Johnson, Catina Carter, Gelender Harrison, Karen Dorsey, Odile Johnson, Margie Lamartz, Kristian Porter, Jonathan Priar, and/or Laketha Bailey (count three); and violated La. R.S. 14:26 and La. R.S. 14:67 in that he and Ms. Gotch did conspire to commit theft of U.S. currency valued at greater than $25,000 (count four).

**ANDERS BRIEF**

Defendant's appointed counsel has filed a brief pursuant to *Anders v. California*, *supra* and *State v. Jyles*, *supra*, asserting that she has thoroughly reviewed the district court record and can find no non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record for defendant.

In *Anders*, *supra*, the United States Supreme Court held that appointed counsel may seek to withdraw from representation if counsel finds the case to be wholly frivolous after a conscientious examination of the record. In *State v. Smith*, 18-142 (La. App. 5 Cir. 8/29/18), 253 So.3d 1314, 1318, this Court further held that the request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw," (*citing McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

In *Jyles*, 704 So.2d at 241, the Louisiana Supreme Court explained that an *Anders* brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule,

had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *See Id*. at 241. The court stated that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. *Id*.

To comply with *Anders*, an appellate court must conduct an independent view of the record to determine whether the appeal is wholly frivolous. *State v. Braford*, 95-929 (La. App. 5 Cir. 6/25/96). Thus, "when counsel files an *Anders* brief, an appellate court reviews several items: a) the Bill of Information to ensure the charge is proper, b) all minute entries to ensure that defendant was present at all critical stages of the prosecution, c) all pleadings in the record, and d) all transcripts to determine whether any ruling of the trial court provides a basis for appeal." *State v. Chirlow*, 18-359 (La. App. 5 Cir. 12/12/18), 260 So.3d 1282, 1286 (*citing State v. Dufrene*, 07-823 (La. App. 5 Cir. 2/19/08), 980 So.2d 31, 35). If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, the court may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. *Id*.

**ANALYSIS**

Appellate counsel indicates that she has prepared a brief in accordance with *Anders*, *supra*, and *Jyles*, *supra*, and after a conscientious and thorough review of the record, she could find no non-frivolous issues to raise on appeal, nor could she find a ruling of the district court which arguably supports an appeal. The State responds that appellate counsel has "cast an advocate's eye" over the record in accordance with *Anders* and *Jyles* and determined there were no non-frivolous issues to raise on appeal. The State asks this Court to affirm defendant's convictions and sentences.

Appellate counsel has filed a motion to withdraw as attorney of record which states that she has made a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal and no rulings which would arguably support an appeal. The State agrees that appellate counsel should be allowed to withdraw as counsel of record. Additionally, this Court sent defendant a letter by certified mail informing him that an *Anders* brief had been filed and that he had until January 29, 2020 to file a pro se supplemental brief. As of the date of this case's submission for decision, defendant has not filed a brief with this Court.

This Court's independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. First, the bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the charged offenses. It also sufficiently identified defendant and the crimes charged. *See* La. C.Cr.P. arts. 464-466.

Second, there are no appealable issues surrounding defendant's presence. The minute entry dated September 25, 2018 reflects that defendant appeared for his arraignment. The minute entry dated January 9, 2019 reflects that after the trial court granted defendant's motion to quash, in part, it allowed defendant to be re-arraigned; however, when defendant refused to enter a plea, the trial court entered pleas of not guilty for him. The minute entry dated May 16, 2019 shows that defendant appeared at his guilty plea proceeding and sentencing.

Third, although defendant filed several pretrial motions and not all of them were ruled upon, he did not object. The motions are considered waived when a defendant does not object to the trial court's failure to hear or rule on a pretrial motion prior to pleading guilty. See *State v. Kelly*, 17-221 (La. App. 5 Cir. 12/29/17), 237 So.3d 1226, 1232, *writ denied*, 18-0153 (La. 11/5/18), 255 So.3d 1051. Further, no rulings were preserved for appeal under *State v. Crosby*, 338 So.2d 584 (La. 1976).

Fourth, defendant pled guilty as charged to the offenses in the bill of information. When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. *State v. Turner*, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. *State v. McCoil*, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *Boykin*[2] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. *Id*.

A review of the record reveals no constitutional infirmity or any irregularity in defendant's guilty pleas that would render them invalid. The record shows that although defendant represented himself, he acknowledged that the trial court's law clerk and the prosecutor assisted him with filling out the guilty plea form. The record also shows that defendant was aware that he was pleading guilty to conspiracy to commit money laundering, money laundering, theft, and conspiracy to commit theft. On the waiver of rights form and during the guilty plea colloquy, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination, as required by *Boykin*, *supra*. Defendant placed his initials next to the individual advisals of his rights and placed his signature at the end of the waiver of rights form, thus indicating that he understood he was waiving these rights. He also articulated to the trial court during the colloquy that he understood he was waiving his rights by pleading guilty. Additionally, defendant was informed that his guilty pleas could be used to enhance penalties for future convictions. Defendant confirmed that he had not

---

[2] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

been forced, coerced, or intimidated into entering his guilty pleas. After his colloquy with defendant, the trial judge accepted defendant's guilty pleas as knowingly, intelligently, freely and voluntarily made.

Fifth, defendant was informed of the sentencing ranges for the offenses and of the "sentence" he would receive if the trial court accepted his pleas. We note that the trial court incorrectly informed defendant of the sentencing ranges on counts one and four.[3] Nevertheless, the trial court advised defendant that he would be sentenced to five years at hard labor on counts one, two, three, and four, and defendant was sentenced accordingly. We find that the advisement of the agreed upon sentences was sufficient for compliance with La. C.Cr.P. art. 556.1, as the misinformation did not affect the voluntariness of the guilty pleas based on the circumstances in this case. *See State v. Craig*, 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64.

While the transcript is clear in that defendant received four five-year concurrent sentences, the sentencing minute entry dated May 16, 2019 reflects that defendant was only sentenced to one five-year sentence. Therefore, we remand this matter to the trial court for correction of the sentencing minute entry to show that the trial court sentenced defendant to a five-year sentence on each count to run concurrently with one another.

In addition, defendant's five-year sentences on each count are within the sentencing ranges prescribed by the relevant statutes. Also the sentences were imposed pursuant to, and in conformity with, the plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence that was

---

[3] The trial court informed defendant that the sentencing range on count one was zero to ten years at hard labor; however, the statutes in effect at the time of the offense reflect that the sentencing range on count one was actually one to ten years at hard labor. See La. R.S. 14:26; La. R.S. 14:230(E)(3). The trial court correctly informed defendant of the sentencing ranges on counts two and three; however, the trial court stated that the sentences on counts two and three had to be served at hard labor whereas the statutes in effect at the time of the offense indicate that the sentences on those counts could be served with or without hard labor. See La. R.S. 14:230(E)(2); La. R.S. 14:67. The trial court informed defendant that the sentencing range on count four was zero to ten years with or without hard labor; however, the statute in effect at the time of the offense reflects that the sentencing range on count four was actually two and one-half to ten years with or without hard labor. See La. R.S. 14:26; La. R.S. 14:67.

imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. *State v. Moore*, 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46.

Upon a review of the record, we find no non-frivolous issues for appeal. Appellate counsel has adequately shown her review and analysis of the record in this case. Our independent review of the record confirms counsel's assertions set forth in the *Anders* brief. Accordingly, we grant appellate counsel's motion to withdraw as attorney of record for defendant.

**ERRORS PATENT DISCUSSION**

We have reviewed the record for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990) and find the following issue for review.

The transcript reflects that the trial judge ordered defendant to pay $31,344.48 in restitution in connection with count three "jointly and *in solido*" with his co-defendant, Ms. Gotch. The sentencing minute entry indicates that the restitution was payable through "court collections" within three years. The waiver of rights form simply reflects that the total restitution in connection with count three was $31,344.48. The form entitled, "Felony: Schedule of Fines, Fees, Sentencing Provisions & Probation Requirements" shows that defendant was to make restitution within thirty-six months in equal installments through the collections office in the amount of $31,344.48, citing La. C.Cr.P. art. 895.1. The Collections Office form in the record, filed on May 17, 2019, shows that defendant owes $31,344.48, with a monthly payment of $875. However, the entire form is not in the record.

We find that the amount of restitution is indeterminate. The trial court ordered defendant to pay $31,344.48 in restitution in connection with count three "jointly and *in solido*" with his co-defendant. Instead of ordering defendant to pay

restitution "jointly and *in solido*," the trial court should have ordered each defendant to pay a specific amount.

In *State v. Hall*, 03-1384 (La. App. 5 Cir. 3/30/04), 871 So.2d 558, in an errors patent review, this Court found that the trial judge did not set a specific amount to be paid in restitution. Instead, the trial judge stated that total restitution would be $154.03 at a minimum or as determined by the Department of Probation and Parole. The trial judge also stated that the restitution would be joint, several, and *in solido* and that while each of the three defendants would be required to pay her fair share, each would also be responsible if the other did not pay. This Court found that the trial judge erred by not advising each defendant of the exact amount of restitution they were required to pay; by not clarifying what he meant by joint, several, and *in solido* liability, which were civil terms that lay persons probably would not understand; and by not stating whether restitution was being ordered as a condition of probation under La. C.Cr.P. arts. 893 and 895(7) or as part of the sentence under La. C.Cr.P. art. 883.2. Accordingly, this Court vacated the sentences and remanded for resentencing for the trial court to set a determinate amount of restitution.

As in *Hall*, the trial court in this case did not advise defendant of the exact amount of restitution he was required to pay and did not clarify what it meant by "jointly and *in solido*," which are civil terms that lay persons probably would not understand. Accordingly, we vacate the sentences and remand for resentencing for the trial court to set a determinate amount of restitution.

Also, we cannot determine from the record whether the trial court considered defendant's earning capacity and assets in ordering defendant to pay restitution, as required by La. C.Cr.P. art. 895.1(A)(1), which provides that "[t]he restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant." Therefore, on remand, the trial court is to determine the manner of

restitution payments after considering the earning capacity and assets of defendant. *See State v. Stiller*, 16-659 (La. App. 5 Cir. 7/26/17), 225 So.3d 1154, 1159.

For the above discussed reasons, we affirm defendant's convictions, vacate defendant's sentences and remand for correction of a minute entry and for resentencing in accordance with our findings on the errors patent review, and grant appellate counsel's motion to withdraw as counsel of record for defendant.

**CONVICTIONS AFFIRMED;**
**SENTENCES VACATED AND REMANDED;**
**MOTION TO WITHDRAW GRANTED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JUNE 24, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 19-KA-579

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
THOMAS J. BUTLER (APPELLEE)      DARREN A. ALLEMAND (APPELLEE)      CYNTHIA K. MEYER (APPELLANT)

### MAILED
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053